UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COINBASE, INC.<br><br>       Petitioner,<br><br>   v.<br><br>JONATHAN HO<br><br>       Defendant. | CIVIL ACTION<br><br>NO.<br><br>SECTION "    " (   )<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

### PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
Chloé M. Chetta, Tex. Bar No. 24131097
David N. Luder, La. Bar No. 33595
*Pro hac vice forthcoming*
Robert J. Dressel, La. Bar No. 35757
*Pro hac vice forthcoming*
909 Poydras St., Suite 2350
New Orleans, Louisiana 70112
T: (504) 589-9700 | F: (504) 589-9701
cchetta@barrassousdin.com
dluder@barrassousdin.com
rdressel@barrassousdin.com

*Counsel for Petitioner Coinbase, Inc.*

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (the "FAA"), Petitioner Coinbase, Inc. respectfully petitions this Court to confirm the American Arbitration Association's binding interim arbitral award, dated May 28, 2025 (the "Award"), in the arbitration captioned *Coinbase, Inc. v. Jonathan Ho*, American Arbitration Association Case No. 01-25-0001-5412 (the "Arbitration").[1] In support of its petition Coinbase states as follows:

## THE PARTIES

1. Petitioner Coinbase, Inc. is a corporation organized and existing under the laws of the State of Delaware.

2. Defendant named herein is Jonathan Ho, a person over the age of majority and, upon information and belief, residing and domiciled in Grand Prairie, Tarrant County, Texas, which is the location of his current and only known address to Coinbase.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action and venue is proper pursuant to the parties' arbitration agreement, which states the FAA applies and judgment on an arbitral award "may be entered in any court having jurisdiction." (*See* Ex. 1, 2/25/25 Coinbase User Agreement.)

4. The Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the dispute is between citizens of different states and the matter in controversy exceeds the amount of $75,000, exclusive of interest and costs.

---

[1] The Arbitration is subject to a protective order, attached here as Exhibit 2. To the extent it is required or requested by the Court, Coinbase will file the Award under seal or submit it for *in camera* review.

1

5. Venue is also proper under 28 U.S.C. § 1391, as Defendant resides in this judicial district and a substantial part of the events that gave rise to the underlying claims in the Arbitration took place in this district.

## PROCEDURAL BACKGROUND

6. On March 25, 2025, pursuant to the Coinbase User Agreement, which Defendant has accepted, Coinbase initiated the Arbitration against Defendant Jonathan Ho before the American Arbitration Associated ("AAA") seeking to recover certain converted assets.[2]

7. Defendant has not responded to or acknowledged Coinbase's or the AAA's correspondence regarding the Arbitration.

8. On May 16, 2025, Coinbase filed an *ex parte* motion for interim award of injunctive relief to prevent Defendant from further dissipating the converted assets he stole from Coinbase.

9. On May 22, 2025, Arbitrator Shaamini Babu ordered Defendant to submit a response to Coinbase's motion, or to request additional time to respond, by close of business on May 23, 2025. Defendant failed to submit any response or request additional time.

10. On May 28, 2025, Arbitrator Babu issued the Award, pursuant to AAA Consumer Rule 35, providing interim injunctive relief as follows: (1) freezing the assets converted by Defendant and (2) ordering Defendant to deposit the converted assets in an escrow account, which shall be opened at a U.S. financial institution and held jointly by Coinbase and Defendant, until a final award on the merits has been issued in the Arbitration or Defendant has demonstrated good cause for release of the assets. The Award also requires Defendant to submit, by June 6, 2025, documentary proof that he has established the escrow account. If Defendant

---

[2] To the extent it is required or requested by the Court, Coinbase will file its Demand for Arbitration under seal or submit it for *in camera* review.

fails to cooperate with the opening of an escrow account, Arbitrator Babu ordered him to disclose, by June 10, 2025, all the accounts in which the converted assets are being held, among other relevant information.

## LAW & ARGUMENT

11. The Consumer Rules of the AAA (which the parties have agreed to use pursuant to the Coinbase User Agreement) approve of the confirmation of awards and interim measures by "any federal or state court having jurisdiction thereof." *See* AAA Consumer Rule R-49. Rule 37 of the AAA Consumer Rules[3] provides, in relevant part:

> (a) The arbitrator may grant whatever interim measures he or she decides are necessary, including granting an injunction and ordering that property be protected.
>
> (b) Such interim measures may take the form of an interim award . . . .
>
> (c) When making a decision on an interim measure, the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court.

12. The Coinbase User Agreement provides, in relevant part: "Judgment on the arbitration award may be entered in any court having jurisdiction." (Ex. 1, 2/25/25 Coinbase User Agreement, at Appendix 5, § 1.6.)

13. Pursuant to the AAA Rules, which the parties' have agreed agreement to abide by, the Arbitrator has the authority to take any interim measure she deems necessary and the parties have the right to have such interim award confirmed by a state or federal court with jurisdiction, such as this Court.

---

[3] The AAA implemented amended rules effective May 1, 2025, which do not apply to the Arbitration, as it was filed before this date. The applicable rules to the Arbitration were effective September 1, 2014.

3

14. The law governing the confirmation of arbitral awards is simple and flows from the strong congressional policy favoring the resolution of disputes through arbitration. *Steward Healthcare Sys. LLC v. Prudhomme*, No. 1:23-CV-13-MJT-CLS, 2023 WL 3573910, at *2 (E.D. Tex. Apr. 25, 2023), *report and recommendation adopted*, No. 1:23-CV-13-MJT-CLS, 2023 WL 3573542 (E.D. Tex. May 19, 2023) ("[T]he FAA requires the court to confirm an arbitration award . . . and federal law strongly favors confirmation of arbitration awards, even if the court would have reached a different conclusion than the arbitrator."); *see also, e.g.*, *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) ("[T]he FAA imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary."). The FAA, which, pursuant to the Coinbase User Agreement, applies to the Arbitration, requires that arbitral awards be confirmed by a court if a party so requests. Section 9 of the FAA provides, in relevant part: "[A]ny party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court ***must grant such an order***." 9 U.S.C. § 9 (emphasis added).

15. Under the FAA, the Court must confirm an award unless one of four grounds exists:

> • where the award was procured by corruption, fraud, or undue means;
>
> • where there was evident partiality or corruption in the arbitrators, or either of them;
>
> • where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> • where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Trmanini v. Ross Stores, Inc.*, No. 3:23-CV-2105-E-BN, 2024 WL 4958262, at *2 (N.D. Tex. Nov. 8, 2024), *report and recommendation adopted*, No. 3:23-CV-2105-E, 2024 WL 4965259 (N.D. Tex. Dec. 2, 2024). And "[c]ourts are not to conduct a review of the merits of an arbitrator's decision." *Id.*

16. None of the grounds to deny confirmation of an arbitral award exist here: (1) the award was not procured by corruption, fraud, or undue means; (2) there was no evident partiality or corruption in the Arbitrator; (3) the Arbitrator was not guilty of misconduct in refusing to postpone any hearing or refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; and (4) the Arbitrator did not exceed her powers, or so imperfectly execute them that a mutual, final and definite award upon the subject matter was not made.

17. Case law affirms that courts across the country have confirmed *interim* arbitral awards issuing injunctive relief to protect claimants' assets pending a final determination on the merits, with equal force as final awards. *See, e.g.*, *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 2025 (9th Cir. 1991) (holding interim and "temporary equitable orders" in arbitration "calculated to preserve assets . . . are final orders that can be reviewed for confirmation and enforcement by district courts under the FAA"); *T-Mobile USA Inc. v. Verity Wireless Inc.*, No. 221CV00733RAJBAT, 2021 WL 4295845, at *5 (W.D. Wash. July 22, 2021), *report and recommendation adopted*, No. 221CV00733RAJBAT, 2021 WL 4290173 (W.D. Wash. Sept. 21, 2021) (an award that "provides temporary equitable relief . . . to ensure that a final award may be meaningful" "must be confirmed"); *Bowers v. N. Two Cayes Co. Ltd.*, No. 15-00029, 2016 WL 3647339, at *3–4 (W.D.N.C. July 7, 2016) (confirming interim award, pursuant to Rule 37, that ordered respondent to "place [the disputed funds] into a

secure escrow account maintained by their counsel in this arbitration"); *Blue Cross Blue Shield of Mich. v. Medimpact Healthcare Sys., Inc.*, No. 09-14260, 2010 WL 2595340, at *2 (E.D. Mich. June 24, 2010) (confirming interim arbitral award of injunctive relief as award was "sufficiently final" in that it "dispose[d] of a separate independent claim" and provided "the sort of prejudgment relief that a court might award to preserve the status quo during the ensuing proceedings, or to otherwise ensure that the arbitrator's final award on the merits is capable of meaningful enforcement"); *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 937–38 (N.D. Cal. 2003) (confirming interim award and observing "[t]here is no question that an arbitration panel has the authority to require escrow to serve as security for an ultimate award"); *cf. Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986) (holding district court did not err in confirming interim arbitral award that "finally and conclusively" disposed of a claim that was "separate and independent" from the other claims submitted for arbitration); *Banco de Seguros del Estado v. Mut. Marine Offs., Inc.*, 230 F. Supp. 2d 362, 370 (S.D.N.Y. 2002) (same, and, in denying motion to vacate, holding a request for "a letter of credit to secure a possible award was a claim 'separate' and 'independent' from the other claims submitted for arbitration").

18. Here, the Award is "calculated to preserve assets" and is thus a "final order[] that can be reviewed for confirmation and enforcement by district courts under the FAA." *See Pac. Reinsurance Mgmt. Corp.*, 935 F.2d at 2025.

## **CONCLUSION**

19. For the foregoing reasons, Coinbase seeks to confirm the Award in this Court.

Respectfully submitted,

*/s/ Chloé M. Chetta*
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
Chloé M. Chetta, Tex. Bar No. 24131097
David N. Luder, La. Bar No. 33595
*Pro hac vice forthcoming*
Robert J. Dressel, La. Bar No. 35757
*Pro hac vice forthcoming*
909 Poydras St., Suite 2350
New Orleans, Louisiana 70112
T: (504) 589-9700 | F: (504) 589-9701
cchetta@barrassousdin.com
dluder@barrassousdin.com
rdressel@barrassousdin.com

*Counsel for Petitioner Coinbase, Inc.*

#2042041v1